# COMPLAINT

## (for non-prisoner filers without lawyers)

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

(Full name of plaintiff(s))

Anthony Grier

_____

_____

v.

(Full name of defendant(s))

Schneider National Carriers, Inc

Republic insurance Co., INS Insurance, Inc.

Jeffery Guse

Case Number:

20-C-1443

(to be supplied by Clerk of Court)

---

A.    PARTIES

1.    Plaintiff is a citizen of North Carolina _____ and resides at
                                    (State)

5426 Dolphin Lane Charlotte, NC _____
                                    (Address)

(If more than one plaintiff is filing, use another piece of paper.)

2.    Defendant Schneider National Carriers, Inc. et al _____
                                    (Name)

is (if a person or private corporation) a citizen of _____

(State, if known)

and (if a person) resides at _____

(Address, if known)

and (if the defendant harmed you while doing the defendant's job)

worked for _____

(Employer's name and address, if known)

(If you need to list more defendants, use another piece of paper.)

B.     STATEMENT OF CLAIM

On the space provided on the following pages, tell:
1.     Who violated your rights;
2.     What each defendant did;
3.     When they did it;
4.     Where it happened; and
5.     Why they did it, if you know.

Please See Attached Complaint.

Please See Attached.

C.    JURISDICTION

☐    I am suing for a violation of federal law under 28 U.S.C. § 1331.

OR

☑    I am suing under state law. The state citizenship of the plaintiff(s) is (are)
different from the state citizenship of every defendant, and the amount of
money at stake in this case (not counting interest and costs) is
$ 1,000,000.00      .

D.    RELIEF WANTED

Describe what you want the Court to do if you win your lawsuit. Examples may
include an award of money or an order telling defendants to do something or to
stop doing something.

Wherefore, Plaintiff respectfully pray that he have and recover of the Defendants both

jointly and severally, the following:

1.    That sum in excess of $75,000.00 which will fairly and adequately compensate the

Plaintiff for his damages;

2.    That for compensatory damages, generally and punitive damages;

3. Cost of this action.

_____

_____

_____

_____

_____

_____

E.    JURY DEMAND

I want a jury to hear my case.

■ – YES        ☐ – NO

I declare under penalty of perjury that the foregoing is true and correct.

Complaint signed this _____1_____ day of _____September_____ 20_20_.

Respectfully Submitted,

_____
Signature of Plaintiff

Anthony Grier
_____
Plaintiff's Telephone Number

404-328-6682
_____
Plaintiff's Email Address

Enginuity_1@yahoo.com
_____

5426 Dolphin Lane, Charlotte NC 28215
_____
(Mailing Address of Plaintiff)

(If more than one plaintiff, use another piece of paper.)

**REQUEST TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING THE FILING FEE**

■    I **DO** request that I be allowed to file this complaint without paying the filing fee. I have completed a Request to Proceed in District Court without Prepaying the Filing Fee form and have attached it to the complaint.

☐    I **DO NOT** request that I be allowed to file this complaint without prepaying the filing fee under 28 U.S.C. § 1915, and I have included the full filing fee with this complaint.

Complaint – 5

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

U.S. DISTRICT COURT
EASTERN DISTRICT-WI
FILED

2020 SEP 15 P 12: 48

CLERK OF COURT

| | | |
|---|---|---|
| **ANTHONY GRIER,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | **CIVIL ACTION** |
| vs. | ) | **FILE NO: 20-C-1443** |
| | ) | |
| **SCHNEIDER NATIONAL** | ) | **COMPLAINT** |
| **CARRIERS, INC.,** | ) | |
| **OLD REPUBLIC INSURANCE** ) | | **(JURY TRIAL REQUESTED)** |
| **CO.,** | ) | |
| **INS INSURANCE, INC.** | ) | |
| **AND, JEFFERY P. GUSE** | ) | |
| | ) | |
| **DEFENDANTS,** | ) | |
| _____ | ) | |

NOW COMES the Plaintiff, complaining of the Defendants, alleging and saying:

## PARTIES

1.      The Plaintiff is a citizen and resident of Mecklenburg County, North Carolina

2.      Defendant Schneider National Carriers, Inc., (hereinafter "Schneider") upon

information and belief, is a Nevada corporation, with its principal offices located at 3101 S

Packerland Dr. Green Bay, Wisconsin 54313 USA.

3.      Currently the registered agent for Schneider is CT Corporation System whose

address is 301 S. Bedford ST., Suite 1, Madison, WI  53703

4.      Defendant Old Republic Insurance Co. (hereinafter "Old Republic") is a

Pennsylvania corporation, with its principal offices located at 631 Excel Drive, Suite 200, Mt.,

Pleasant, PA. 15666, USA

5.      Currently the registered agent for Defendant Old Republic Insurance Co. is The

Prentice-Hall Corporation System whose address is 40 Technology parkway south, suite 300,

Norcross, GA,  30092, USA

6.      Defendant, INS Insurance, Inc., (hereinafter "INS") is a Vermont Corporation.

7.      Currently the registered agent for INS is J&H Marsh & McLennan Management

Inc. whose address is 7 Burlington Square 6fl, Burlington, VT  05401, USA

8.      Defendant Jeffery P. Guse, (hereinafter "Guse"), is a citizen and resident of

Schaumburg, Illinois and at all times relevant hereto was a driver/agent of Defendant Schneider,

and an insured of Defendant INS.

9.      Service of process upon Defendant Guse may be perfected by serving him at his

current place of residence: 280 Nantucket, Schaumburg, IL. 60193

### AGENCY

10.     At all times alleged herein, Guse was an agent, servant, employee, or statutory

employee of Schneider and acting within the course and scope of his agency and/or employment.

11.     At all times alleged herein, Schneider was a motor carrier as the term is defined

by the Federal Motor Carrier Safety Regulations.

### JURISDICTION

12.     This action is being brought pursuant to 28 U.S.C. § 1332.

13.     Jurisdiction of this case is proper in the U.S. District Court for the Eastern District

of Wisconsin pursuant to U.S. Code 28  § 1332 in that the matter in controversy exceeds the sum

of Seventy Five Thousand Dollars ($75,000) and the parties are citizens of different states.

14.     At all times pertinent hereto, Schneider was a "motor carrier" within the meaning of the Federal Motor Carrier Safety Regulations promulgated by the United States Department of Transportation and was subject to and operating under the jurisdiction of said regulations.

15.     At all times pertinent hereto, Defendant Guse was a commercially licensed truck driver and, as such, was required to comply with the Federal Motor Carrier Safety Regulations (hereinafter "FMCSR") and the laws of the United States and the State of Georgia.

### FACTUAL ALLEGATIONS

16.     On September 16, 2017 at approximately 3:12 p.m., Plaintiff, was driving his 2008 Dodge automobile on Interstate 285 (I-285) eastbound on-ramp from Interstate 75 (I-75) south in Cobb County, Georgia.

17.     At the above described time and location construction for the Northwest Corridor express lane project was in progress. Construction began in November 2013 and  took approximately five years to complete in September 2018.

18.      The Northwest Corridor Express Lanes are made up of 29.7 miles along I-75 from Akers Mill Rd to Hickory Grove Road and along I-575 from I-75 to Sixes Road. It extended reconstruction to I-285 eastbound primary ramp (exit 259)

19.     At the above described time and location Interstate 75 was also undergoing construction that consisted of resurfacing I-285 from Cobb Parkway to Chattahoochee River bridge. These limits included all areas of the roadway, ramps and collector distributor ramps not resurfaced under the Northwest Corridor Express lane project.

20.     At the above described time and place, and at all times pertinent hereto, Defendant Guse was operating a 2012 Freightliner tractor and trailer owned by Schneider on I-285 eastbound on-ramp from I-75 south in Cobb County, Georgia

21.     At the time of this litigated collision, the 2012 Freightliner displayed Schneider's US DOT #: 264184 bearing Indiana license plate 2511348.

22.     Suddenly and without warning, Guse drove the tractor and trailer into the rear of the plaintiff's Dodge.

23.     At the time of impact, Guse was traveling in the left-hand lane on I-285 eastbound, a highway with two lanes allowing for movement in the same direction.

24.     The impact propelled the plaintiff several 100's of feet with considerable force and thus injuring plaintiff and causing total loss damage to his automobile consistent with this kind of collision.

25.     Upon information and belief, the impact occurred in a work zone with appropriate work signs warning drivers of an approaching work site.

26.     Defendant Schneider is vicariously liable for the tortuous, negligent acts of their employee driver Defendant Guse committed while in the scope of his employment.

27.     Defendants Old Republic and INS is joined as a Defendants in its capacity as the vehicle liability insurer for the Defendant operator and owner of the striking vehicle.

## ALLEGATIONS OF NEGLIGENCE

28.     The Plaintiff incorporates by reference the previous allegation of this complaint.

29.     On September 16, 2017, the Defendant had the duty to exercise the degree of care that a reasonable and prudent person would have exercised under the same or similar conditions.

30.    Defendant Guse was negligent as follows:

(1)    He drove in a careless and reckless manner;

(2)    He failed to keep a proper lookout;

(3)    He failed to keep his vehicle under proper control;

(4)    He was inattentive of his surroundings;

(5)    He drove the tractor trailer into the rear of Plaintiff's Dodge;

(6)    He drove in a grossly negligent fashion;

(7)    He failed to reduce speed to avoid an accident;

(8)    He drove at an excessive speed;

(9)    Upon information and belief, Defendant Guse and the Defendants collectively failed to comply with the following sections of the Federal Motor Carrier's Safety Regulations:

(1)    396.7 (Unsafe Operation Forbidden);

(2)    392.1 (Driving a Commercial Vehicle, Scope of Rules);

(3)    390.13 (Aiding and Abetting);

(4)    396 (Inspection, Repairs and Maintenance);

(5)    392.7 (Pre-trip Inspection);

(6)    392.2 (Applicable Operating Rules for the Requirement to Obey the Law in Whatever Jurisdiction you are Operating);

(7)    395 (Hours of Service of Driver);

(8)    383 (Commercial Driver's License Standards); and

(9)    Such other and further negligence as will be determined through

discovery and demonstrated at trial.

31. The Plaintiff avers that the negligence of Defendant Guse is imputed to Schneider.

## RESPONDEAT SUPERIOR

32. The Plaintiff incorporates by reference the previous allegations of this Complaint as if set forth in their entirety.

33. The Plaintiff alleges that the tractor and trailer operated by Guse was controlled by Schneider.

34. The Plaintiff alleges upon information and relief that at the time and place and at all times in question, Guse was an agent, servant, employee, or statutory employee of Schneider.

35. As a direct and proximate cause of the negligence of the Defendants, the Plaintiff suffered severe, painful, and lasting bodily injuries.

36. As a direct and proximate cause of the negligence of the Defendants, Plaintiff incurred medical and other expenses.

## DIRECT ACTION

37. The Plaintiff incorporates by reference the previous allegation of this complaint.

38. Defendant Old Republican provided insurance coverage to Defendant Schneider and Defendant Guse

39. Defendant Old Republic is liable directly to Plaintiff for the physical injuries as a result of Defendant Guse and/or Defendant Schneider's negligence and negligence per se, including medical expenses, general and compensatory damages, and lost wages.

40. Defendant INS provided insurance coverage to Defendant Schneider and Defendant Guse.

41.     Defendant INS is liable directly to Plaintiff for the physical injuries as a result of Defendant Guse and/or Defendant Schneider's negligence and negligence per se, including medical expenses, general and compensatory damages, and lost wages.

### DAMAGE CLAIM OF PLAINTIFF

42.     The Plaintiff incorporates by reference the previous allegation of this complaint.

43.     As a direct and proximate cause of the negligence of the Defendant, Guse, imputed to Schneider, Plaintiff sustained physical injuries including sustained sprain ligaments of cervical spine, low back pain, right hip pain, neck pain from whiplash, headaches and recommended further treatment such as a lumbar epidural procedure and continuous physical therapy.

44.     As a direct and proximate result of the above described negligence of the Defendant, Plaintiff Anthony Grier has suffered lost income and a diminished earning capacity.

45.     Plaintiff, Anthony Grier, is informed and believes that he has suffered permanent injury and damage as a result of the Defendants' negligence.

**WHEREFORE**, Plaintiff respectfully pray that he have and recover of the Defendants, both jointly and severally, the following:

(1)     That sum in excess of $75,000.00 which will fairly and adequately compensate the Plaintiff for his damages;

(2)     That the cost of this action be taxed to the Defendants;

(3)     That Plaintiff be awarded all general, special, compensatory, economic, punitive and allowable damages in accordance with the enlighten conscience of an impartial jury from the Defendant.

(4)     Interest as provided by law, including interest from the date of the filing of

this complaint;

(5)     For such other and further relief as his Court may deem just and proper

and to which Plaintiff is entitled.

This the 1st day of September, 2020.

Anthony Grier
Prose  Plaintiff

5426 Dolphin Lane
Charlotte, North Carolina  28215
Telephone: (404)328-6682
Email: enginuity_1@yahoo.com