UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ANTHONY GRIER,

        Plaintiff,

        v.                                  Case No. 20-C-1443

SCHNEIDER NATIONAL CARRIERS, INC., et al.,

        Defendants.

---

**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS**

---

On September 15, 2020, Plaintiff Anthony Grier filed a complaint in this court, alleging that Defendants are liable for injuries and other damages he suffered as a result of a collision between his car and a Schneider truck on Interstate 75 in Cobb County, Georgia. The collision occurred on September 16, 2017, almost exactly three years before Grier filed his complaint. This court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332. Defendants now move for judgment on the pleadings on the ground that Grier's claims are barred by the statute of limitations. For the reasons that follow, the motion will be granted and the case will be dismissed.

**LEGAL STANDARD**

Rule 12(c) of the Federal Rules of Civil Procedure permits a party to seek judgment on the pleadings after the pleadings have been closed. *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). Courts apply the same standard in deciding a motion for judgment on the pleadings as they do in deciding a motion to dismiss. *Landmark Am. Ins. Co. v. Hilger*, 838 F.3d 821, 824 (7th Cir. 2016). The facts are viewed in the light most favorable to the non-movant. *Id.* To survive a motion to dismiss or for judgment on the pleadings, the challenged pleading must

"contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## ANALYSIS

Although this court has diversity jurisdiction over the matter pursuant to 28 U.S.C. § 1332, negligence claims are typically reviewed under state, not federal, law. *See Rodman Indus., Inc. v. G&S Mill, Inc.*, 145 F.3d 940, 942 (7th Cir. 1998) ("In evaluating the viability of Rodman's negligence action, we apply the substantive law of Wisconsin."). Under the relevant Wisconsin law, Grier's claims are not cognizable.

The statute of limitations outlined in Wis. Stat. § 893.07 govern this case. Section 893.07(1) states that, "[i]f an action is brought in this state on a foreign cause of action and the foreign period of limitation which applies has expired, no action may be maintained in this state." In this instance, the accident in question is a foreign cause of action, having occurred in Cobb County, Georgia. Consequently, Ga. Code Ann. § 9-3-33 applies, which creates a two-year statute of limitations for filing a claim in this matter.[1] Because the accident occurred on September 16, 2017, Grier was required to file any personal injury claim by September 15, 2019. He did not file his claim until September 15, 2020, nearly three years after the accident. Therefore, his complaint is time-barred under Ga. Code Ann. § 9-3-33 as applied under Wis. Stat. § 893.07(1).

Apparently conceding that his complaint was filed outside of statutory time limit for personal injury actions, Grier tries to rescue his claim by asserting that the statute of limitations in

---

[1] Ga. Code Ann. § 9-3-33 states: "Actions for injuries to the person shall be brought within two years after the right of action accrues, except for injuries to the reputation, which shall be brought within one year after the right of action accrues, and except for actions for injuries to the person involving loss of consortium, which shall be brought within four years after the right of action accrues."

2

this case is tolled under Ga. Code Ann. § 9-3-99. Section 9-3-33 provides, "The running of the period of limitations with respect to any cause of action in tort that may be brought by the victim of an alleged crime . . . shall be tolled from the date of the commission of the alleged crime or the act giving rise to such action in tort until the prosecution of such crime or act has become final or otherwise terminated, provided that such time does not exceed six years." However, as Grier has neither alleged nor shown that there is a related criminal prosecution that would even trigger such tolling, this argument is a red herring and will be disregarded.

Grier's claim is time-barred under Wis. Stat. § 893.07(1) and Ga. Code Ann. § 9-3-33. Therefore, Defendants' motion for judgment on the pleadings (Dkt. No. 8) is **GRANTED**. This case is dismissed and the Clerk is directed to enter Judgment.

**SO ORDERED** at Green Bay, Wisconsin this 4th day of December, 2020.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
