UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTHONY GRIER,

        Plaintiff,

    v.                                                                 Case No. 20-C-1443

SCHNEIDER NATIONAL CARRIERS, INC. et al.,

        Defendants.

## ORDER DENYING EXTENSION OF TIME TO FILE

        Anthony Grier, proceeding without counsel, filed this action for damages for personal injury and other damages he suffered as a result of a collision between his car and a Schneider truck. Although the accident occurred in the State of Georgia, Grier commenced this action in Wisconsin in an effort to circumvent Georgia's two-year statute of limitations that had passed. In an order dated December 7, 2020, this Court granted Schneider's motion for judgment on the pleadings and dismissed the case. Dkt. No. 18. Grier then filed a notice of appeal on January 13, 2021 (Dkt. No. 20), and on January 25, 2021, he filed a motion to deem his notice timely or, alternatively, a motion for an extension of time to file his notice of appeal (Dkt. No. 24).

        Federal Rule of Appellate Procedure 4(a)(1)(A) states that in a civil case, a notice of appeal "must be filed with the district court within 30 days after entry of the judgment or order appealed from." Thus, pursuant to Rule 4(a)(1)(A), the notice of appeal should have been filed no later than January 6, 2021. However, under Rule 4(a)(5), a "district court, upon a showing of excusable neglect or good cause" may extend that filing time "upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a)." Fed. R. App. P. 4(a)(5). "The test as to

what constitutes excusable neglect is an 'equitable one,' taking account of 'all relevant circumstances surrounding the party's omission.'" *United States v. Brown*, 133 F.3d 993, 996 (7th Cir. 1998) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993)). "These circumstances include 'the danger of prejudice [to the non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant was acting in good faith.'" *Id.* (citing *Pioneer*, 507 U.S. at 398).

"The term 'excusable neglect' as used in Rule 4(a)(5) refers to the missing of a deadline as a result of things such as misrepresentations by judicial officers, lost mail, and plausible misinterpretations of ambiguous rules." *McCarty v. Astrue*, 528 F.3d 541, 544 (7th Cir. 2008) (citing *Prizevoits v. Ind. Bell Tel. Co.*, 76 F.3d 132, 134 (7th Cir. 1996)). "A simple case of miscalculating a deadline is not a sufficient reason to extend time, and judges do not have 'carte blanche' authority to allow untimely appeals." *Id.* (citing *Marquez v. Mineta*, 424 F.3d 539, 541 (7th Cir. 2005)). And while courts liberally construe pro se filings, they "do not enlarge filing deadlines for them." *Raven v. Madison Area Tech. Coll.*, 443 F. App'x 210, 212 (7th Cir. 2011). Like others, a pro se litigant must show that the balance of equities favors granting his motion.

Here, Grier notes only that the appeal was filed late "[d]ue to Covid-19 restrictions, limited resources and inability to file motions or notices, electronically as Pro Se litigant." Mot. ¶ 7. Unfortunately, he fails to provide any explanation of how any one of these circumstances prevented him from filing his notice of appeal on time. This is equivalent to providing no explanation at all. For the Court to extend the time allowed in the absence of any explanation would be an abuse of discretion. *Raven*, 443 F. App'x at 213. While the Court is sympathetic with the increased challenges of proceeding as a pro se litigant, Grier's explanation does not

2

constitute good cause. He has not shown that his failure to timely file his notice of appeal was due to excusable neglect. Therefore, his motion to deem his notice of appeal timely or, alternatively, to grant an extension for filing a notice of appeal (Dkt. No. 24) is **DENIED**.

**SO ORDERED** at Green Bay, Wisconsin this 28th day of January, 2021.

s/ William C. Grisbach
William C. Griesbach
United States District Judge
